CARDOZO LAW

BENJAMIN N. CARDOZO SCHOOL OF LAW • YESHIVA UNIVERSITY

KATHRYN O. GREENBERG IMMIGRATION JUSTICE CLINIC

**Peter L. Markowitz,** *Co-Director*
*Professor of Law*

**Lindsay Nash,** *Co-Director*
*Professor of Law*

**Elizabeth Wu**
*Senior Staff Attorney*

**Gina Starfield**
*Clinical Teaching Fellow*

(646) 592-6416
Fax (212) 790-0256

GRANTED.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: April 23, 2026

**VIA ECF**
Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl St., Courtroom 15A
New York, NY 10007

April 22, 2026

Re: *Kathryn O. Greenberg Immigration Justice Clinic v. U.S. Immigration and Customs Enforcement*, 26-cv-1962 (AS)

Dear Judge Subramanian:

We write on behalf of both parties in the above-referenced matter in response to the Court's March 30, 2026, Order, ECF No. 19, which extended the deadline for the parties to file a joint letter and adjourned the initial pretrial conference *sine die* in order to allow the parties to confer regarding certain threshold issues.

Since the Court's March 30, 2026, Order, the parties have conferred and resolved certain threshold issues. Defendant Immigration and Customs Enforcement ("ICE") is moving forward in processing the Freedom of Information Act ("FOIA") request at issue in this matter. It has begun to search for responsive records, and the parties are conferring regarding that search. ICE plans to make its first production no later than May 22, 2026. Thereafter, it will make rolling productions, processing documents at a rate of 1,000 pages per month so long as it has records in the queue (in response to its search) to process. In light of this initial agreement and the parties' ongoing discussions, the parties do not believe that an initial pretrial conference would be helpful at this time. The parties respectfully request permission to instead file a letter, no later than June 8, 2026, updating the Court on the status of this matter.

In addition, the parties provide the following information, as required by the Court's March 12, 2026, Notice of Initial Pretrial Conference, ECF No. 11.

1. **A brief statement of the nature of the action and the principal defenses, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion.**

As described in the Complaint, ECF No. 1, on December 17, 2025, Plaintiff Kathryn O. Greenberg Immigration Justice Clinic (the "Clinic") submitted a FOIA request to ICE, seeking records related to ICE's policies, practices, and use of administrative subpoenas. The Clinic alleges that ICE failed to timely respond to the request by the statutory deadline, failed to conduct an adequate search for responsive records and to disclose responsive records, and improperly constructively denied the Clinic's requests for expedited processing and a fee waiver. The Clinic seeks declaratory and injunctive relief requiring ICE to process the request and disclose all non-exempt responsive records.

ICE contends that exceptional circumstances, including the lapse in funding for the ICE FOIA Office, necessitated additional time for ICE to process the Clinic's request, *see* 5 U.S.C. § 552(a)(6)(C); that some or all of the requested records, or portions thereof, may be exempt from disclosure, *see* 5 U.S.C. § 552(b); and that the Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed relief authorized by FOIA, 5 U.S.C. § 552.

The major factual and legal issues that may arise include the adequacy and scope of ICE's search for responsive records under § 552(a)(3), and whether any redaction or withholding of responsive material is proper pursuant to applicable FOIA exemptions.

The parties anticipate that this case will be resolved either through the parties' agreement or by the submission of cross-motions for summary judgment.

2. **A brief explanation of why jurisdiction and venue lie in this Court. . . . . Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees. . . .**

The Court has subject matter jurisdiction and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(A)(vii), (a)(4)(B), (a)(6)(E)(iii) and 28 U.S.C. §§ 1331, 2201–02 because this action arises under the FOIA. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1) because the Clinic maintains its principal place of business in this district, Defendant is an agency of the United States, and no real property is involved. The Clinic is not a corporation, and the parties are not aware of any basis to dispute jurisdiction or venue.

3. **A statement of all existing deadlines, due dates, and/or cut-off dates.**

There are no existing due dates, deadlines, or cut-off dates at this time.

4. **A brief description of any outstanding motions.**

There are no outstanding motions at this time.

5. **A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations.**

No discovery has taken place, as FOIA actions are generally not subject to civil discovery. *See Carney v. DOJ*, 19 F.3d 807, 812 (2d Cir. 1994).

6. **A brief description of the status of prior settlement discussions, without disclosing exact offers and demands.**

The parties have conferred regarding the timing and scope of Defendant's searches and processing of records. As described above, the parties have made some progress in resolving certain threshold issues and are continuing to confer regarding, *inter alia*, Defendant's search for responsive records. Once Defendant begins producing records, the parties will attempt to resolve any disputes concerning claimed FOIA exemptions and other matters before seeking intervention from the Court.

7. **A statement confirming that the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator would be appropriate and, if so, when in the case (e.g., within the next sixty days; after the deposition of plaintiff is completed; after the close of fact discovery; etc.) the use of such a mechanism would be appropriate.**

The parties believe that it is premature to consider alternative dispute resolution at this time.

8. **Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.**

None.

The parties thank the Court for its consideration of this submission.

Respectfully,

*/s/ Lindsay Nash*
Lindsay Nash
Jensen Bee, Law Student*
Jenny Kam, Law Student*
Lauren Kim, Law Student*
Bhargav Nannapaneni, Law Student*
Kathryn O. Greenberg Immigration Justice Clinic
Benjamin N. Cardozo School of Law
55 Fifth Avenue, Rm. 1108
New York, NY 10003
646-592-6538
lindsay.nash@yu.edu
*Counsel for Plaintiff*

**Law Student Appearance Forms Pending*

cc (via ECF): Counsel for Defendant